FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 02 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

Rosmery Peralta Nunez,

Defendant.

---

12-CR-128-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

Following her arrest, Rosmery Peralta Nunez was incarcerated from January 28, 2012 to February 9, 2012. On February 27, 2012, Nunez pled guilty to Count One of a two-count indictment which charged that on January 28, 2012, the defendant imported cocaine into the United States, from a place outside thereof, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).

Nunez was sentenced on July 25, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be fifteen and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between eighteen and twenty-four months. The calculation of the total offense level included a four-point reduction based on the defendant's minimal role in the offense, as her role was limited to that of a carrier, and a three-point reduction for acceptance of responsibility. The guidelines range of fine was from $4,000 to $1,000,000. Count Two of the underlying indictment was dismissed by the court upon the government's motion.

Nunez was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is twenty-one years old. She is a citizen of the Dominican Republic but resides legally within the United States. She has no known prior convictions. She has strong family connections and lives in the Bronx, NY with her three year old son, mother and two sisters. The father of her son abandoned them before the child was born and provides no assistance to the defendant. Prior to her arrest, defendant was enrolled in Bronx Community College, where she studied nursing while also caring for her child as a single parent. As a student, she relied on the financial support of her mother and food stamps.

On January 28, 2012 the defendant arrived at John F. Kennedy International Airport in Queens, NY, aboard a JetBlue flight from Santiago, Dominican Republic when she was stopped by Customs Border Patrol. A search subsequently revealed that defendant ingested fifty pellets of cocaine—exposing herself to significant health risks—in an attempt to smuggle the drug into country. Supposedly defendant was to be paid approximately $100 per pellet upon a successful transportation into the United States. Defendant testified at the sentencing hearing that she needed the money in order to afford the apartment where she lived with her family.

Since her arrest, defendant has enrolled in the HOPE program, which helps individuals obtain employment after twelve weeks of skills training. Her supervisor from the program testified at the sentencing hearing that the defendant's participation in the program has been exemplary. Nunez's persistence and dedication within the HOPE program is notable considering the grave consequences that she currently faces, including deportation, a permanent separation

from her son, and the loss of opportunity for a promising future in the United States. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking will result in serious consequences. Specific deterrence is unnecessary in this case, in light of the aberrant nature of the act. Moreover, the defendant will be deported and deprived of her relationship with her son, who will remain in the United States with defendant's mother. It is unlikely that she will engage in further criminal activity in light of her close family ties and her remorse for having broken the law.

Jack B. Weinstein
Senior United States District Judge

Dated: July 26, 2012
Brooklyn, New York